## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CATHERINE DANFORTH, | Civil Action No. |
| Plaintiff, | 1:21-CV-04734-LMM-JSA |
| v. | JURY TRIAL DEMANDED |
| WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP., | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Catherine Danforth ("Plaintiff" or "Ms. Danforth"), by and through her undersigned counsel, and files this, Complaint for Damages against Wilson Elser Moskowitz Edelman & Dicker, LLP., ("Defendant or "Firm"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq. ("FMLA").

## JURISDICTION AND VENUE

### 2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117, and 29 U.S.C. § 261(b).

### 3.

Defendant does business in this judicial district.  Additionally, the unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

### 4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.  Plaintiff is subject to the jurisdiction of this Court.

### 5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, C T CORPORATION SYSTEM, 289 S. Culver Street, Lawrenceville, GA, 30046, USA.

7.

Plaintiff is considered an "eligible employee" within the meaning of the FMLA, 29 U.S.C. §2601 *et seq.*

8.

Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. §2601 *et seq*, which includes a "successor in interest."

9.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

10.

Plaintiff was employed by Defendant for more than twelve (12) months.

11.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

## FACTUAL ALLEGATIONS

### 12.

On December 31, 2019, Plaintiff began her employment with the Firm as a Legal Secretary and was promoted to a Paralegal position on July 1, 2020.

### 13.

Plaintiff suffers from various psychiatric disorders which affect her self-image, composure, moods, behaviors, and impacts her ability to work.

### 14.

Despite Plaintiff's disability she was able to perform the essential functions of her job and was, in fact, frequently praised for her work ethic and performance.

### 15.

On February 10, 2021, Plaintiff disclosed her disability to Kim Wooten, Assistant Office Administrator, and Tina Grantham, Office Administrator.

### 16.

On February 11, 2021, after the completion of a conference call regarding Plaintiff's disability with Grantham, Wooten, and Jennifer Des Armo, Acting Chief Human Resource Officer, Plaintiff overheard Kim and Tina referring to Plaintiff as a "Nutcase." Plaintiff informed Jennifer Des Armo on the same day and was told

that they would investigate Plaintiff's complaint. But, to the best of Plaintiff's knowledge, nothing was done.

17.

On February 17, 2021, Plaintiff was informed that due to her disability, her job duties would change, and Plaintiff was assigned to different functions and different supervisors. Plaintiff informed the Firm through Acting Chief Human Resources Officer, Jennifer Des Armo, that changing her assignments would exacerbate the symptoms of her disability and likely make it impossible for her to remain in her job.

18.

Plaintiff requested as a reasonable accommodation to remain in her current position and job functions. Plaintiff presented a letter from her treating physician, providing information about her disability and requesting the reassignment be reconsidered.

19.

The Firm responded that Plaintiff's request for accommodation would violate the Firm policy and could not be accommodated. Plaintiff then suggested an alternative accommodation and the Firm agreed in part but, did not follow through with the promised accommodations when making the reassignment.

20.

As a result of the Firm's refusal to make reasonable accommodations, Plaintiff suffered from an exacerbation of her disability and was hospitalized from March 2, 2021, to March 6, 2021.

21.

On March 7, 2021, Plaintiff presented a note from the discharging physician from the hospital stating that Plaintiff could return to work which complied with the Firm's medical clearance policy.

22.

The Firm refused to accept the notice that Plaintiff could return to work and placed the Plaintiff on involuntary leave until March 29, 2021.

23.

On March 26, 2021, Plaintiff had a conference call with Ms. Des Armo and Ricki Roer, an attorney in the Firm's New York City office, regarding Plaintiff's return to work.

24.

During the conference call Plaintiff asked for the Firm's alternatives to the accommodations she previously requested. Roer said that there would be no

accommodations made and the Firm had accommodated Plaintiff by placing her on leave.

25.

The Firm did not allow Plaintiff to return to work until March 31, 2021, when the Firm placed her on unpaid leave due to her disability.

26.

The Firm requested to speak to the Plaintiff's physician before she would be allowed to return to work or the Firm could set up an independent medical exam, Plaintiff consented to both requests. Plaintiff's doctor declined to speak to the firm and would only communicate in writing. The Firm found this to be insufficient and the Firm failed to schedule the independent medical exam.

27.

On April 12, 2021, Plaintiff exhausted her personal time office (PTO) leave and Jennifer Des Armo told Plaintiff that she could not return to the office, but could work remotely—and only remotely.

28.

Plaintiff's position was in-office only, with the option of working remote due to COVID. Other staff members with the same job title and function as the

Plaintiff were able to work in the office as desired. Plaintiff was not permitted into the office due to her disability.

29.

Plaintiff then asked Des Armo what she needed to do to return to the office, but Plaintiff never received any response.

30.

On April 13, 2021, Plaintiff emailed Ms. Des Armo suggesting that we utilized the free services of the Job Accommodation Network to determine the appropriate accommodation.

31.

On April 14, 2021, Plaintiff was informed via email that the only accommodations being provided were leave. The reassignment and only being allowed to work remotely was against the Plaintiff's will, and antithetical to Plaintiff's requested accommodations.

32.

On April 14, 2021, and April 15, 2021, Plaintiff emailed Jennifer Des Armo, The Acting Chief of Human Resources, requesting alternative accommodations.

33.

On April 16, 2021, the Firm notified Plaintiff that her requests for accommodation were disruptive and that the Firm would not make any accommodations other than allowing the Plaintiff to take leave if needed and only allowing her to work remotely.

34.

Neither leave nor working remotely were viable accommodations. Plaintiff specifically requested to work in the office.

35.

On April 18, 2021, Plaintiff was informed that her employment was discharged due to her inability to adjust to assignment changes and her alleged unprofessional interaction with her co-workers.

36.

The Defendant retaliated against Plaintiff for requesting an accommodation, complaining about discrimination and harassment based on her disability by terminating her employment, and denying her a return to her position in violation of her rights under the FMLA.

37.

Defendant terminated Plaintiff because of her request for accommodations and discrimination on account of her taking unpaid leave.

## CLAIMS FOR RELIEF

## COUNT I
## COUNT I:  FMLA INTERFERENCE

38.

Plaintiff re-alleges preceding paragraphs 1-37 as if set forth fully herein.

39.

Defendant is an 'employer' as defined by the FMLA.

40.

Plaintiff was an eligible employee under the FMLA.

41.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

42.

Plaintiff was employed by Defendant for more than 12 months.

43.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

44.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

45.

Plaintiff had medical conditions that required time off of work.

46.

Plaintiff had serious medical conditions as defined by the FMLA.

47.

Defendant received notice of Plaintiff's need for protected medical leave for her serious medical conditions as early as February 2021.

48.

Defendant terminated Plaintiff's employment to avoid having to accommodate Plaintiff's respective rights to return to her position.

49.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

50.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to him solely because of her right to leave under the FMLA.

51.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## COUNT II:  FMLA RETALIATION

52.

Plaintiff re-alleges preceding paragraphs 1-37 as if set forth fully herein.

53.

Defendant is an 'employer' as defined by the FMLA.

54.

Plaintiff was an eligible employee under the FMLA.

55.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

56.

Plaintiff was employed by Defendant for more than 12 months.

57.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

58.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

59.

Defendant had medical conditions that required she take time off of work.

60.

Defendant had serious medical conditions as defined by the FMLA

61.

Defendant refused to allow Plaintiff leave and instead terminated her employment days after requiring Plaintiff to take leave.

62.

Defendant's termination of Plaintiff's employment was causally related to her attempt to exercise her rights to protected medical leave pursuant to the FMLA.

63.

Defendant's termination of Plaintiff's employment for alleged differences in her inability to adjust to assignment changes and her alleged unprofessional interaction with her co-workers constitutes unlawful retaliation against Plaintiff for her attempt to exercise her rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

64.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

**WHEREFORE**, Plaintiff judgment as follows:

(a)         A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA;

(b)       Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein;

(c)       General damages for mental and emotional suffering caused by Defendant's misconduct;

(d)       Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(e)       Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(f)       Trial by jury as to all issues;

(g)       Prejudgment interest at the rate allowed by law; and

(h)       All other relief to which he may be entitled.

Respectfully submitted the 16th day of November, 2021.

**BARRETT & FARAHANY**

 s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492

*Attorney for Catherine Danforth*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
iesmith@justiceatwork.com