IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATHERINE DANFORTH,<br><br>  Plaintiff,<br><br>v.<br><br>WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER, LLP,<br><br>  Defendant. | Civil Action No.:<br>1:21-cv-04734-LMM-JSA<br><br><br>JURY TRIAL DEMANDED |

### BRIEF IN SUPPORT OF MOTION TO VACATE VOLUNTARY DISMISSAL AND SET ASIDE SETTLEMENT AGREEMENT

#### I.   INTRODUCTION

This is a fairly simple and straightforward employment case in which Plaintiff was terminated from her employment with the Defendant. As set forth in the Complaint and First Amended Complaint, Plaintiff was employed by Defendant as a paralegal and after the firm learned of her disability, Plaintiff was harassed and discriminated against before being eventually terminated by Defendant. Plaintiff subsequently filed a complaint with the Equal Employment Opportunity Commission and then this lawsuit. The parties held a mediation on February 9, 2022. Prior to the mediation, Plaintiff informed Defendant through counsel that a condition of the mediation was that she be told the absolute truth as to why her employment

was terminated and specifically what she had not done properly. At mediation, the parties reached an agreement and the case was dismissed via a voluntary dismissal. Following the mediation, Plaintiff learned additional information that was in conflict with the information presented by Defendant at mediation. Plaintiff contacted Defendant a number of times to clarify the discrepancies and was met with no response. As a result, Plaintiff believes and can prove that Defendant made misrepresentations of material facts at mediation in order to induce a settlement and deprive Plaintiff of both the truth and larger financial compensation.

## II.     ARGUMENT AND CITATION TO AUTHORITY

### a. Rule 60(b)(3)

A plaintiff may voluntarily dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A). The dismissal is without prejudice unless otherwise stated. Fed. R. Civ. P. 41(a)(1)(B). A voluntary dismissal with prejudice serves as an adjudication on the merits and thus is a final judgment. Rule 60 provides relief from a final judgment on various grounds. One of those grounds is outline in 60(b)(3) as fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. Here the facts are that Defendant misrepresented material facts to Plaintiff during the course of mediation.

The problem being that Plaintiff cannot reveal the fraud due to the confidential nature of the mediation. However, Georgia law provides exceptions to mediation confidentiality.

### b. Waiver of Mediation Confidentiality

Under O.C.G.A § 9-17-3, mediation communication is privileged and excluded from use as evidence. However, O.C.GA. § 9-17-5 provides specific exceptions to that privilege and is applicable here. Ga. Code § 9-17-5 ("**(b)** There shall be no privilege under Code Section 9-17-3 if a court, administrative agency, or arbitrator finds, after a hearing in camera, that the party seeking discovery or the proponent of the evidence has shown that the evidence is not otherwise available, that there is a need for the evidence that substantially outweighs the interest in protecting confidentiality, and that the mediation communication is sought or offered in: **(1)** A court proceeding involving a felony; or **(2)** Except as otherwise provided in subsection (c) of this Code section, a proceeding to prove a claim to rescind or reform or a defense to avoid liability on a contract arising out of the mediation.")

There are five elements to fraud: *Brown v. Ragsdale Motor Co.*, 65 Ga. App. 727, 728 (Ga. Ct. App. 1941) ("(1) that the defendant made the representations; (2) that at the time he knew they were false (or what the law regards as the equivalent of knowledge); (3) that he made them with the intention and purpose of deceiving

the plaintiff; (4) that the plaintiff relied on such representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made.") Here all five elements are met. Defendant made certain representations at the time of mediation that were false and Defendant no doubt knew they were false. Defendant made the statements to induce Plaintiff into a settlement depriving her of the continuation of the litigation, the truth, and potentially greater financial recovery or even being made whole. Based upon Defendant's statements, Plaintiff agreed to a settlement of the case. Due to the settlement and dismissal of the case, Plaintiff has been deprived of being made whole and also of learning the truth.

Plaintiff seeks relief from the settlement agreement and the dismissal of the present case due to the fraud that was perpetrated by Defendant. Plaintiff is unable to present evidence of the fraud without violating the mediation confidentiality agreement. Plaintiff requests a hearing to determine the need for the evidence of the statements made and presented during the mediation.

### III. CONCLUSION

No Defendant should be able to obfuscate the truth and escape consequences for its actions under the clock of confidentiality. The purpose of the Uniform Mediation Act is to allow parties to freely exchange information in hopes of avoiding unnecessary costs and burden upon the Court system. To then use that aspect of

mediation to hide the truth defeats the very intent of the mediation process. That is what Defendant has done here and Plaintiff has suffered because of that.

Respectfully submitted this 7th day of September, 2022.

Catherine Danforth
448 Chestnut Drive SW
Marietta, GA 30064
404-218-6941
Catherinedanforth@gmail.com

*Pro se Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that 14 point Times New Roman font was used for this pleading and that it has been formatted in compliance with Local Rule 5.1(B).

Respectfully submitted this 7th day of September, 2022.

*[signature]*
Catherine Danforth
448 Chestnut Drive SW
Marietta, GA 30064
404-218-6941
Catherinedanforth@gmail.com

*Pro se Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATHERINE DANFORTH, | Civil Action No.: |
| | 1:21-cv-04734-LMM-JSA |
| Plaintiff, | |
| | |
| v. | JURY TRIAL DEMANDED |
| | |
| WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, | |
| | |
| Defendant. | |

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that the foregoing BRIEF IN SUPPORT OF MOTION TO VACATE VOLUNTARY DISMISSAL AND SET ASIDE SETTLEMENT AGREEMENT was served upon the defendant by US MAIL properly addressed and via electronic mail to noelle.berg@wilsonelser.com and david.eisen@wilsonelser.com.

Respectfully submitted this 7th day of September, 2022.

Catherine Danforth
448 Chestnut Drive SW
Marietta, GA 30064
404-218-6941
Catherinedanforth@gmail.com

*Pro se Plaintiff*