IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CATHERINE DANFORTH,           :
                              :
                              :
        Plaintiff,            :
                              :
v.                            :         CIVIL ACTION NO.
                              :         1:21-cv-4734-LMM
                              :
WILSON ELSER MOSKOWITZ        :
EDELMAN & DICKER, LLP,        :
                              :
                              :
        Defendant.            :

## <u>ORDER</u>

This case comes before the Court on Plaintiff's Motion to Vacate Voluntary

Dismissal and Set Aside Settlement Agreement [6]. After due consideration, the

Court enters the following Order.

## I.    BACKGROUND

Plaintiff Catherine Danforth, represented by counsel, filed this

employment discrimination lawsuit after being terminated from her position as a

paralegal at the law firm Wilson Elser Moskowitz Edelman & Dicker, LLP.

According to the complaint, Plaintiff experienced discrimination after disclosing

her disability to her employer. Dkt. No. [1] ¶¶ 13, 15.

The parties attended mediation on February 9, 2022. Dkt. No. [6-2] at 1. At

the mediation, Plaintiff claims that Defendant came forward with allegations of

misconduct against her that she had never heard before. Dkt. No. [17] at 6. Plaintiff states that she refuted those allegations with her own evidence. <u>Id.</u> Plaintiff claims that some of the evidence she used to refute the new allegations was evidence she had previously shared with Defendant's chief human resources officer. <u>Id.</u> However, according to Plaintiff, Defendant's counsel claimed to have never seen that evidence before but "promised repercussions" against other employees "who had lied to the firm." <u>Id.</u> Plaintiff also stated that "Defendant asked several times for additional documents from Plaintiff that her attorney chose not to produce." <u>Id.</u> Most relevant to the motion here, Plaintiff alleges that Defendant's counsel and lawyer at the firm, Mr. Eisen, "claimed the firm would be launching a full investigation into what happened and that the individuals who had made false allegations against Plaintiff would likely be fired." <u>Id.</u> at 6–7.

Ultimately, the mediation was successful; the parties entered a settlement agreement that included a release of Plaintiff's claims. In the settlement agreement, Defendant denied any wrongdoing and Plaintiff agreed not to knowingly seek future employment with Defendant, among other things. The settlement agreement also included a merger clause, stating that it "sets forth the entire agreement and understanding between the parties" and that "[t]he parties have not relied on any oral statements that are not included" in the written agreement. Dkt. No. 12-2 ¶ 12. Finally, the settlement agreement included an acknowledgment by Plaintiff that she was both advised to and actually did consult with an attorney about the agreement. <u>Id.</u> at 6.

Following the mediation, Plaintiff submitted a notice of voluntary dismissal with prejudice to this Court on February 20, 2022. Dkt. No. [5]. The Clerk of Court approved the notice of voluntary dismissal with prejudice and closed the case on February 22, 2022. On September 7, 2022, Plaintiff filed this motion *pro se* requesting that the Court vacate the voluntary dismissal and set aside the settlement agreement.[1] Dkt. No. [6-2]. The Court now considers that motion.

## II.    LEGAL STANDARD

Plaintiff seeks relief under Federal Rule of Civil Procedure 60(b)(3), which provides that "the court may relieve a party or its legal representative from a final judgment" by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." Waddell v. Hendry Cnty. Sheriff's Off., 329 F.3d 1300, 1309 (11th Cir. 2003).

---

[1] Plaintiff's counsel have not filed a motion to withdraw their representation of her and still appear to be her attorneys of record. However, given that counsel has not signed onto this motion, the Court will treat the filing with the leniency granted to *pro se* filers in mind. The Court also notes that it ordered Defendant to file a sur-reply, Dkt. No. [23], because of new arguments raised in Plaintiff's reply.

## III.  DISCUSSION

Before addressing the substance of Plaintiff's fraud argument, the Court considers which state's substantive law should apply to the issue. Although the mediation took place in Georgia, the settlement agreement included a choice-of-law provision that specified New York law. Dkt. No. [12-2] at 6 ("This Agreement shall be construed, interpreted and applied in accordance with the law of New York."). Plaintiff has argued that New York law applies to her fraud argument because of that clause. Dkt. No. [17] at 2. Defendant acknowledges that the agreement specifies New York law and argues that Plaintiff's contract arguments fail under the laws of Georgia or New York. Dkt. No. [23-1] at 6. However, to the extent Plaintiff's argument raises the tort of fraudulent inducement, Defendant argues that Georgia law should apply because the conduct underlying the claim took place in Georgia. Id. at 7.

The Court finds that issues related to interpretation of the contract— including the effect of the merger clause and Plaintiff's acknowledgment that she consulted with counsel—are governed by New York law because they fall within the scope of the choice-of-law clause. To the extent Plaintiff's argument is a defense to contract formation or seeks rescission that, too, would be governed by New York law. But the Court agrees with Defendant that if Plaintiff's argument is to be interpreted as an allegation that the intentional tort of fraud occurred, that would be governed by Georgia law because that is where the alleged misrepresentations took place. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487,

496 (1941) ("The conflict of law rules to be applied by the federal court in [the forum state] must conform to those prevailing in [the forum state's] state courts."); Bullard v. MRA Holding, LLC, 740 S.E.2d 622, 625 (Ga. 2013) ("[F]or over 100 years, the state of Georgia has followed the doctrine of lex loci delicti in tort cases, pursuant to which a tort action is governed by the substantive law of the state where the tort was committed." (quotation marks omitted)). Because the issue is somewhat muddled, the Court will proceed by referring both to Georgia and New York law. The Court notes that, under either state's law, the same outcome is required.[2]

Reaching Plaintiff's substantive arguments, she claims that the judgment should be set aside because she entered the settlement agreement based on a fraudulent assurance by Defendant's counsel, Mr. Eisen, that Defendant would

---

[2] While the Court will discuss specific points of law below, the Court notes that the two states have similar elements for a general claim of fraudulent inducement. In Georgia, a plaintiff "must prove five elements in order to establish the fraud: (1) a false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to enter into a contract based upon the false representation; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff as a result of the fraud. The plaintiff's failure to establish even one of these elements entitles the defendant to summary adjudication." Pinnock v. Kings Carlyle Club Apartments, LLC, 819 S.E.2d 515, 518 (Ga. Ct. App. 2018). "In order to prove fraudulent inducement under New York law, a plaintiff must prove (1) that the defendant made a representation, (2) as to a material fact, (3) which was false, (4) and known to be false by the defendant, (5) that the representation was made for the purpose of inducing the other party to rely upon it, (6) that the other party rightfully did so rely, (7) in ignorance of its falsity (8) to his injury." Computerized Radiological Servs. v. Syntex Corp., 786 F.2d 72, 76 (2d Cir. 1986) (quotation marks omitted).

investigate some of the circumstances surrounding her termination. There are several fundamental issues with Plaintiff's position.

First, there is no evidence in the record indicating that the alleged misrepresentation was a false statement. Plaintiff has not shown that Defendant did not undertake an investigation into the accusations Plaintiff levied at the mediation. Plaintiff provided an email exchange in which she contacted Defendant's counsel directly, rather than through her representation. In that email sent on August 1, 2022, Plaintiff asked about some logistical information, discussed issues related to the mediation and her (settled and dismissed) claims, and stated, "I also continue to await the results of the firm's investigation into the information that was provided at mediation." Dkt. No. [17] at 20. Defendant's counsel forwarded the message to Plaintiff's counsel (rather than responding to Plaintiff directly) and stated, "we will not engage further regarding the matters that were addressed at the mediation and in our settlement agreement. We do not intend to confirm or clarify any of her misstatements, and we do not intend to respond to any further emails from her." Id. at 19. That email correspondence does not demonstrate that an investigation did not take place, only that Defendant's counsel was not willing to discuss the issue with Plaintiff.

Importantly, Plaintiff's recounting of the statement by Mr. Eisen is that he said the firm would be launching a "full investigation," but not when the investigation would take place, what the investigation would entail, or whether it would result in a report to Plaintiff. Nothing in the record before the Court

contradicts the statement attributed to Mr. Eisen. Accordingly, the Court cannot set aside the judgment based on fraud because there is no indication that any false statement was made.

Second, Mr. Eisen's statement that the firm would investigate was a promise of future conduct that cannot form the basis of a fraud claim under the facts presented. Both Georgia and New York law recognize that a misrepresentation for the purposes of a fraud claim generally must relate to some existing condition or past fact, not a promise to do something in the future. Beach v. Fleming, 104 S.E.2d 427, 429 (Ga. 1958) ("Fraud cannot be predicated upon statements which are promissory in their nature as to future acts. Representations which authorize an action for fraud and deceit must be made with reference to existing or past fact and not to future acts." (citations and quotation marks omitted)); Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994) ("The failure to fulfill a promise to perform future acts is not ground for a fraud action unless there existed an intent not to perform at the time the promise was made.").[3]

Alternatively, the Court notes that Plaintiff has not met her burden of showing that she reasonably relied on Mr. Eisen's statement. As discussed above, the settlement agreement contained a merger clause that acknowledged that the

---

[3] Just as Plaintiff cannot prove that the statement was false, Plaintiff has no evidence that Mr. Eisen made any statement promising future conduct without the intention to fulfill those "promises."

"parties have not relied on any oral statements that were are not included in this Agreement" and that the written agreement was the entire agreement between the parties. Dkt. No. [12-2] ¶ 12. Although Plaintiff may have privately harbored a belief that Defendant was promising performance outside the agreement, the Court finds that her reliance on that statement was unreasonable. Courts applying New York law, which governs the Court's interpretation of the agreement, have found that merger clauses affect the reasonableness of a party's reliance on an oral statement external to the agreement. "While a general merger clause is not by itself an absolute bar, it undermines as a matter of law the reasonableness of a plaintiff's alleged reliance on oral representations." Robinson v. Deutsche Bank Tr. Co. Americas, 572 F. Supp. 2d 319, 323 n.2 (S.D.N.Y. 2008); see also Junk v. Aon Corp., No. 07 CIV. 4640 LMM GWG, 2007 WL 4292034, at *7 (S.D.N.Y. Dec. 3, 2007) ("[T]he existence of a merger clause does increase a court's reluctance to determine that a plaintiff reasonably relied on an oral representation."). This is particularly true in this case where the merger clause disavowed any reliance on oral statements. Dkt. No. [12-2] ¶ 12.

Plaintiff also states that she hoped that the investigation would result in Defendant reconsidering its decision not to hire her. That belief was unreasonable as a matter of law because the parties' agreement included a provision that Plaintiff would not knowingly seek future employment with Defendant. Robinson v. Deutsche Bank Tr. Co. Americas, 572 F. Supp. 2d 319, 323 (S.D.N.Y. 2008) ("New York courts have determined as a matter of law that a

party's reliance was unreasonable where the alleged misrepresentation is explicitly contradicted by the written agreement."). Accordingly, for that reason and the reasons explained above, Plaintiff has not made an appropriate showing for relief under Rule 60(b)(3).[4]

### IV. CONCLUSION

In accordance with the foregoing, Plaintiff Catherine Danforth's Motion to Vacate Voluntary Dismissal and Set Aside Settlement Agreement [6] is **DENIED**.

**IT IS SO ORDERED** this 13th day of January, 2023.

**Leigh Martin May**
**United States District Judge**

---

[4] The Court declines to reach the merits of Defendant's remaining arguments. The Court notes that Plaintiff has also not made a case for relief from judgment for any other reason provided under Rule 60. Fed. R. Civ. P. 60(b). Because the Court finds it cannot vacate the dismissal, the Court also declines Plaintiff's request to set aside the settlement agreement.